UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TYESHA ISOM, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 1:23-cv-02852 (UNA) |
| v. | ) |
| | ) |
| ANTHONY BLINKEN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

This matter is before the Court on its review of Plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The Court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or it "postulat[es] events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981). A court can dismiss a frivolous complaint. *Id*.

Plaintiff's Complaint is frivolous. Plaintiff, a resident of Dallas, Texas, sues current and former United States Secretaries of State. She derides that they failed to attend a meeting she scheduled to discuss, "all civil rights of law enforcement duties that may be an issue for the courts, and any other conflicts relating to foreign affairs that serve purpose for myself, as the next U.S. President, the talks were planning on the countries business matters for the U.S.

Defense Department, only fired to protect U.S. citizens." ECF 1 at 5. The rest of the Complaint consists of Plaintiff's personal ruminations, hypothetical questions, conspiracy theories, and purported recommendations regarding the operation of the United States government. The allegations oscillate through disparate topics, including, but not limited to: "AIDS as a chemical warfare," "Moors . . . traveling into the U.S. looking for money and a new life under someone else['s] name living or dead," "Black American women to go to war against China," and "AWOL, desertion during war; failure to report to duty." ECF 1 at 5-7. Plaintiff demands "100 mill$ reclaimed only in [her] name, as the Haitian spies hide and the Puerto Rican let them lie." *Id*.

Plaintiff has failed to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Even if her allegations made any sense—they do not—there is no cause of action for the failure of government officials to attend a meeting organized by a Plaintiff. Moreover, Plaintiff's allegations are incomprehensible and do not support any other possible cause of action.

Consequently, the Complaint and this case are dismissed without prejudice. A separate Order accompanies this Memorandum Opinion.

Date: November 8, 2023

/s/_____
ANA C. REYES
United States District Judge